### BEACH *v.* MORGAN.

The right of fishing in an unnavigable stream, in the land of another, is limited at common law to the riparian owner in exclusion of the public.

A custom to take fish in an unnavigable stream in the land of another is not a good custom; but if it were, it must be claimed by prescribing in a *que estate.*

An adverse right to an easement cannot grow out of a mere permissive enjoyment for any length of time.

A right *in gross* is not assignable nor inheritable.

In trespass *qu. cl.* for taking animals *feræ naturæ,* the land-owner can recover for the trespass only.

TRESPASS, *qu. cl.*  Facts agreed.  The plaintiff is lessee of a strip of land in Hopkinton, two hundred and fifty feet in width, the centre line of which is coincident with the centre line of a stream passing through it.

The lease, made April 7, 1890, contains this clause: "and in consideration of the rent herein agreed to be paid, the party of the first part doth hereby grant unto the party of the second part the sole and exclusive right to use the same for fish-culture and preservation, to have and to hold for the term of ten years from the date hereof, yielding and paying therefor rent at the rate of one dollar per annum."  The lease was properly executed, but never recorded.  The lands leased extend along the stream about half a mile, and are mostly pasture and wood land.  The stream is four or five miles in length, and passes through lands both above and below the lands leased, and through another tract between the different parcels of leased land, to which the most convenient access is across them.  It is a natural trout-stream, and affords good fishing above, below, and between the leased premises.

For fifty years or more the defendant, his father, and others who desired, have fished the brook above, through, and below the

leased lands at pleasure, without asking permission, and without objection or interference from any land-owner, except from the plaintiff since his lease. If material to the case, the defendant will testify that in entering upon the leased premises for the purpose of fishing he did so supposing he had the right to do so, but never made known to the plaintiff his understanding, nor ever asserted claim thereto, unless his acts shall be construed as notice. On the other hand, the plaintiff and those under whom he claims will testify that prior to the making of the lease they allowed parties to enter upon the premises to fish, without objection, as a matter of license and permission, but never understood that any one entered the premises adversely, or made any claim of any right to fish upon the leased premises, prior to 1890. The defendant's father now owns the land containing a portion of the head waters and fishing-grounds of the stream.

In 1887 the lessor received from the state fish commissioner 10,000 young trout, which were assigned to the town of Hopkinton by the commissioner and placed in the brook. These fish were raised at the expense of the state, and furnished without charge for the benefit of the public. Since the lease, the lessor has placed a few trout in the brook for the plaintiff, caught from other brooks in the vicinity. The plaintiff posted notices forbidding trespassing, and notifying the public that the brook was reserved for fish-culture and preservation. His object in taking the lease was to secure the exclusive right to fish on the land.

He has placed no obstruction to the passage of fish in the stream, and makes no use of the land except for fishing. The defendant's acts of trespass complained of were the passing over the land while fishing in the usual way. The value of the fish caught on the leased land was one dollar, and the damage to the real estate was one dollar.

*Albin & Martin*, for the plaintiff.

*Leach & Stevens*, for the defendant.

SMITH, J. The stream flowing through the land leased to the plaintiff not being navigable, and not being public water, the right of fishing in it is limited at common law to the riparian owner of the soil, and belongs exclusively to him, unless the defendant shows a right acquired in some way recognized by law. *State* v. *Roberts*, 59 N. H. 256.

So far as the facts agreed and the facts which the defendant offers to prove are evidence of a custom of fishing in the brook on the land leased to the plaintiff, they are immaterial. "A custom to take anything from another's land, or for a profit *à prendre*, is not a lawful custom. If such a right is available at all, it must be set up by prescription as belonging to some estate, and should

be pleaded with a *que estate.*" *Waters* v. *Lilley*, 4 Pick. 145, 148; *Gateward's Case*, 6 Co. 60; *Grimstead* v. *Marlowe*, 4 T. R. 717, 718; Wash. Eas. 10.

Whether a party can prescribe for a several fishery in the estate of another without alleging some estate of freehold to which it is appendant, was left undecided in *McFarlin* v. *Essex Company*, 10 Cush. 304, and is immaterial in this case, for the facts agreed and the facts which the defendant offers to prove do not show a prescriptive right of fishery in the stream on the land leased to the plaintiff. An adverse right to an easement cannot grow out of a mere permissive enjoyment for any length of time. There was no assertion by the defendant that his entry upon the leased land was under a claim of right, and his occasional acts in entering and fishing were such as have been so generally regarded as permissive that it must have been understood by the parties that the defendant entered under a license. They were not of such exclusive and notorious character as to afford notice of a claim of right. Any right which his father or others acquired, if they could acquire or have acquired any, being a mere personal right not appendant to an estate, a right *in gross*, is not assignable nor inheritable, and cannot avail the defendant. Wash. Eas. 8.

The plaintiff's lease is valid against his lessor, although unrecorded (P. S., c. 137, s. 4), and, upon being recorded, is admissible in proof of his title. But irrespective of the lease, his possessory title is sufficient to enable him to maintain this suit in the absence of any better title in the defendant.

The stocking of streams with young trout, raised at the expense of the state, by the fish commissioner, does not operate as a license to the public for fishing in waters not public, nor in unnavigable streams on private lands. The " public " benefited by the placing of young trout in the stream in question are the land-owners on their respective lands on the stream, from its source to its mouth, its tributaries, and the stream into which it flows.

The fish taken by the defendant being *feræ naturæ*, the plaintiff can recover for the trespass only.

*Judgment for the plaintiff for one dollar.*

All concurred.